**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DAVID R. RODRIGUEZ,

                                        Plaintiff,

        v.                                                      No. 10-CV-196
                                                                    (DNH/DRH)
MR. SWEENY, Sergeant, Barehill Correctional Facility;
MR. WALKER, Sergeant, Barehill Correctional Facility;
MR. BELLROSE, C.O., Barehill Correctional Facility; and
MR. RADNODE, C.O., Barehill Correctional Facility,

                                        Defendants.
_____

**APPEARANCES:**                               **OF COUNSEL:**

DAVID R. RODRIGUEZ
Plaintiff Pro Se
07-A-2529
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN              DAVID L. COCHRAN, ESQ.
Attorney General for the                Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se David R. Rodriguez ("Rodriguez"), an inmate in the custody of the New

York State Department of Correctional and Community Services ("DOCCS"), brings this

action pursuant to 42 U.S.C. §§ 1983 alleging that defendants, four DOCCS employees,

_____

        [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

violated his constitutional rights under the Firsst and Eighth Amendments.  Compl. (Dkt. No. 1).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 soley on the ground that Rodriguez failed to exhaust his administrative remedies. Dkt. No. 39.  Rodriguez has failed to oppose the motion.  For the reasons which follow it is recommended that defendants' motion be granted in part and denied in part.

## I. Rodriguez' Failure to Respond

Rodriguez did not oppose defendants' motion. The failure to respond continued even after the Court, acting sua sponte, granted Rodriguez an extension of time to file a response and reminded him of the consequences of failing to do so. See Dkt. No. 42. "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Defendants  provided such notice in their motion papers. See Dkt. No. 39-1. The Court provided additional such notice in its order. Dkt. No. 42 ("Plaintiff is advised that since the relief requested ... is dismissal of this case, his failure to respond to defendants' motion may result in the termination of the case in favor of the defendants ...."). Despite these notices, Rodriguez failed to respond.

"The fact that there has been no response to a summary judgment motion does not ... mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, a defendant is entitled to summary judgment only if the material facts demonstrate his or her entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). However "[a] verified complaint is to be treated as an affidavit ... and therefore will be considered in determining whether material issues of fact exist ...." Colon v. Coughlin, 58

2

F.3d 865, 872 (2d Cir. 1995) (citations omitted).  As to those facts which are not disputed in

Rodriguez's complaint, the facts as set forth in defendant's Rule 7.1 Statement of Material

Facts (Dkt. No. 39–5) [hereinafter "Def. Statement"] are accepted as true.  See generally, 76

F.3d at 486; see also N.D.N.Y.L.R. 7.1(a)(3) ( "The Court shall deem admitted any facts set

forth in the Statement of Material Facts that the opposing party does not specifically

controvert." ) (emphasis in original).


## II. Background

During the afternoon of August 21, 2008, while detained at Bare Hill Correctional Facility

("Bare Hill"), Rodriguez was questioned by defendants regarding a weapon which was

found in a classroom to which Rodriguez had access.  Compl. ¶¶ 6-7.  Rodriguez denied

knowing either who owned the weapon or where it came from.  Id. ¶¶ 6-7.  At that point,

Rodriguez was handcuffed and assaulted by the two defendant corrections officers while

defendants Sweeny and Walker looked on.  Id. ¶¶ 6-7.  Rodriguez contends that

defendants than caused him to attest to a document which indicated false information about

his hometown and that he also requested, and was denied, medical treatment after the

assault.  Id. ¶¶ 6-7.  During Rodriguez's subsequent medical appointments on September

24, October 23, and December 29, Rodriguez reported that he was feeling anxious and

paranoid based upon his prior interactions with defendants.  Dkt. No. 19[2] at 28-29.

On August 21, 2008, Rodriguez wrote an informal complaint to the Assistant

---

[2] Rodriguez indicated that the documents included within Docket Number 19 were
to be read in conjunction with the complaint.  Dkt. No. 19.  Those exhibits were considered
in deciding the present motion.

Commissioner/Chief Investigator concerning his assault, defendants' failure to protect, and the refusal to provide medical treatment.  Dkt. No. 19 at 10.  On September 3, 2008, Rodriguez was directed to send these complaints to the Inspector General's Office.  Dkt. No. 19 at 11, 12.  Rodriguez testified that an employee of the Inspector General's Office interviewed him on two occasions and authored a report regarding this investigation but could not remember what the report concluded.  Rodriguez Dep. (Dkt. No. 40-1) at 6.  On September 28, 2008, Rodriguez received a response from the Bare Hill Superintendent stating that his allegations of physical abuse were meritless, a subsequent medical examination revealed no injuries, and the lack of evidence of any misconduct resulted in the termination of the investigation and complaint.  Dkt. No. 19 at 34.  The response was in the form of a memorandum, which did not contain a grievance number or any instructions on how to appeal the Superintendent's findings.  Id.  Rodriguez responded to the Superintendent via an internal contact slip form, disagreeing with the Superintendent's findings and, in effect, appealing the decision. Dkt. No. 19 at 37.

   Throughout October, Rodriguez continued to send informal complaints to the Inspector General and the DOCCS Commissioner restating the assault that had previously occurred and  contending that he had now been harassed and threatened by defendants in retaliation for reporting their behavior.  Dkt. No. 19 at 14, 18, 19, 35.  Rodriguez specifically stated that he feared for his safety.  Dkt. No. 19 at 18, 19 , 35.  On October 20, 2008, Rodriguez received a memorandum from the Inspector General's Office indicating that his concerns had been forwarded to Bare Hill's Superintendent for further review and investigation.  Dkt. No. 19 at 15.  On October 30, 2008, Rodriguez received a response from the Bare Hill Superintendent stating that, after an investigation, there was no evidence

4

to support his allegations of staff misconduct.  Dkt. No. 19 at 36.  This correspondence again came in the form of a memorandum, and also failed to include either a grievance number or instructions on how to appeal the findings.  Id.  Rodriguez again responded, this time in a letter, stating his disagreement and that he intended to file a lawsuit regarding the alleged actions.  Dkt. No. 19 at 38.

Sometime thereafter, Rodriguez was transferred to Clinton Correctional Facility ("Clinton").  Rodriguez Dep. at 6.  Rodriguez filed two formal grievances against defendant Sweeny on January 18, 2009, complete with grievance numbers, alleging that Sweeny witnessed Rodriguez being assaulted at Bare Hill, Sweeny continued to harass and threaten him at both Bare Hill and Clinton, and Rodriguez felt unsafe in Sweeny's presence.  Dkt. No. 19 at 45, 47.  On January 22, 2009, Rodriguez received another letter from the Inspector General's Office indicating that his concerns had been forwarded to the Clinton Superintendent. Dkt. No. 19 at 20.  On February 9, 2009, the Clinton Superintendent responded, on an inmate grievance program form which also included the appropriate grievance number, that the matter had been investigated and that the allegations were determined to be unfounded.  Dkt. No. 19 at 43,46.  The form also indicated that inmates seeking to appeal the Superintendent's decision were required to file an appeal within seven days.  Dkt. No. 19 at 43, 46.

Jeffrey Hale, DOCCS Assistant Director of the Inmate Grievance Program,[3] determined

---

[3]"The IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] ... within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

that Rodriguez did not submit an administrative appeal to CORC from the facility

determinations regarding his claims of excessive force, harassment, and lack of medical

treatment.  Hale Aff. (Dkt. No. 39-3) ¶¶ 2, 4.  However, Hale did find that Rodriguez had

appealed a prior grievance to CORC, initially filed on December 2, 2009 regarding false

allegations and missing property, effectively exhausting the administrative process.  Dkt.

No. 39-4.  Rodriguez testified that he was aware that he needed to file a complaint and

"make . . . a paper trail", though he also testified that he was unaware of the entire appellate

process, was doing the best that he could, and realized that his actions may not have been

sufficient.  Rodriguez Dep. (Dkt. No. 40-1) at 2-4.  Rodriguez also indicated that he was

aware there were individuals at the correctional facility that could assist him with the

grievance process.  Id. at 4-5.


### III.  Discussion

Rodriguez contends that his Eighth Amendment rights were infringed when (1)

defendant corrections officers assaulted him, (2) Sweeny and Walker failed to protect him

while he was getting assaulted, and (3) defendants failed to provide him with requested

medical attention.  Liberally construing the documents attached to the complaint, Rodriguez

also contends that Sweeny harassed and intimated him in retaliation for filing his grievances

while he was at Bare Hill and Clinton in violation of his First Amendment rights.  Defendants

move to dismiss based on Rodriguez's failure to exhaust his administrative remedies.


### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any

material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

7

## B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006).  This exhaustion requirement applies to all prison condition claims.  Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement."  Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate.  Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply."  Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)).  Exhaustion for an inmate in DOCCS custody is generally achieved through the IGP.  See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1, et seq.; see also note 3 supra. Allegations of staff harassment are subject to an expedited procedure whereupon the complaint is first reviewed by the Superintendent and only if it is not a bona fide claim will it be returned to the IGP for normal processing.  N.Y. Comp. Codes. R & Regs. tit. 7, § 701.8.  Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit.  Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009); see also N.Y. Comp. Codes R. & Regs. tit. 7 § 701.5(d)(2)(ii) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days").  Disagreement with the

superintendent's decision in the expedited review also require an appeal to CORC.  N.Y.

Comp. Codes. R & Regs. tit. 7, § 701.8 (g)-(h); see also Espinal v. Goord, 588 F.3d 119,

125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and

its appeal mechanism through CORC).   Exhaustion must precede filing a lawsuit.  Neal v.

Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed

therefore is insufficient.") *abrogated in part on other grounds by* Porter, 534 U.S. 516.

The failure to exhaust may be excused in limited circumstances.

> In determining whether such an exception is applicable, a district
> court must apply a three-part test: First, the court must determine
> whether administrative remedies in fact were available to the
> prisoner.  Second, if such remedies were available, the court must
> determine whether the defendants' own actions inhibited the
> inmate's exhaustion of administrative remedies, thereby requiring
> that one or more of them be equitably estopped from raising the
> failure to exhaust as a defense.  Finally, if administrative remedies
> were available and the defendants are not estopped, the court
> must determine whether any special circumstances justify the
> prisoner's failure to comply with administrative procedural
> requirements.

Gayle v. Benware, 716 F. Supp. 2d 293, 298 (S.D.N.Y.2010) (internal citations omitted);

see generally Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (articulating above

test as the appropriate method for excusing failure to exhaust given the present state of all

Second Circuit opinions).   "Unavailability of administrative remedies . . . is an objective

[test]: that is, would a similarly situated individual of ordinary firmness have deemed them

unavailable." Kasiem v. Switz, 756 F. Supp. 2d 570, 576-77 (S.D.N.Y. 2010) (internal

quotation marks and citations omitted).  Estoppel occurs when "an inmate reasonably

understands that pursuing a grievance through the administrative process will be futile or

impossible . . . [as evidenced by] prison officials' threats, beatings, . . . denials of grievance

forms, or by other misconduct deterring [the inmate] from fulfilling the requisite procedure."
Id. at 577 (internal quotation marks and citations omitted).  If an inmate claims estoppel and
continues to file complaints and grievances, the exception is inapplicable.  Id.  Special
circumstances exist when an inmate's failure to comply can be justified.  Id. (citations
omitted).  Justification is found "by looking at the circumstances which might
understandable lead usually uncounselled prisoners to fail to grieve in the normally required
way."  Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004) (citations omitted).

When considering whether special circumstances exist, the inmate's actions must have
given prison officials sufficient information to put them on notice of the complaints, despite
the inmate's failure to utilize formal grievance procedures, as well as give the prison time to
evaluate the claims.  Macias v. Zenk, 495 F. 3d 37, 43-44 (2d Cir. 2007).  In an unpublished
decision, the Second Circuit has held that multiple informal complaints resulting in a formal
investigation and response for prison officials may constitute special circumstances
excusing a failure to exhaust.  Edwards v. Tarascio, 119 Fed. Appx. 327, 329 (2d Cir. 2005)
(decision attached as an exhibit to this report-recommendation).

In this case, Rodriguez' actions constitute special circumstances exempting him from
the exhaustion requirements.  While incarcerated at Bare Hill, Rodriguez sent his informal
complaints regarding the assault, failure to protect, failure to provide medical attention, and
subsequent retaliatory harassment and threats to multiple individuals.  Viewing the facts in
the light most favorable to Rodriguez, the letters provoked multiple interviews and a report
from the Inspector General's Office.  This is supported by the fact that the Bare Hill
Superintendent had enough information to issue Rodriguez two memoranda articulating
conclusions relating to the abuse and staff misconduct based on the merits.  These

memoranda were not placed on the IGP forms DOCCS traditionally used when determining

the fate of an inmate's grievance and also failed to counsel Rodriguez on how to appeal the

decisions of the Superintendent.  Rodriguez appealed the decision through written letters,

but not to CORC.

However, there is nothing in the record to indicate that Rodriguez knew or should have

known what the grievance procedures were.  Rodriguez's testimony indicates that he knew

he was required to create a paper trail and did the best that he could.  Defendants fail to

indicate that Rodriguez was provided with any explanations, guidance, or written policies on

the appropriate way to file and appeal a grievance.  There is sufficient evidence, however,

to conclude that Rodriguez provided adequate procedural and substantive notice of his

grievances as his correspondence resulted in investigations with written reports.

Accordingly, the policy behind the PLRA of allowing DOCCS the opportunity to correct

internal grievances prior to the filing of a federal lawsuit has not been offended given

Rodriguez's actions and DOCCS' responses thereto.  The fact that Rodriguez successfully

completed the administrative process is of no consequence to the first two sets of

grievances filed at Bare Hill.  Therefore, defendants motion should be denied as to the two

sets of grievances regarding the assault, failure to protect, failure to provide medical

treatment, and subsequent retaliatory threats and harassment at Bare Hill.

As to the third grievance, the formal complaint filed in January regarding Sweeny's

continued threats towards Rodriguez while incarcerated at Clinton, that claim remains

unexhausted.  Rodriguez' informal complaint was directed specifically to the Clinton

superintendent, per the expedited procedures regarding staff harassment and misconduct.

Sometime after this formal complaint was filed, but prior to the denial by the Clinton

Superintendent, Rodriguez successfully completed the administrative process with regard to a different grievance regarding false allegations and missing property.  Thus, unlike at Bare Hill, there is no dispute that at that point and time, Rodriguez was aware how the administrative appeals process properly worked and was successfully exhausted. Rodriguez then received the denial regarding his formal, harassment complaint, which included instructions on how to appeal the denial to CORC.  Pursuant to New York State regulations, this appeal to CORC was required to exhaust the expedited appeal administratively.  Rodriguez failed to appeal the decision, despite the written instruction and his previous successful exhaustion in his prior grievance.  Accordingly, there are no special circumstances available to excuse Rodriguez's failure to exhaust.  Defendants motion as to this third grievance should be granted and to the extent that any claims can be construed alleging continued harassment in retaliation for filing the above grievances, such claims are also unexhausted and should be dismissed without prejudice.

## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment (Dkt. No. 39) be:

1.  **DENIED** as to Rodriguez' claims regarding the assault, failure to protect, failure to provide medical treatment, and subsequent retaliatory threats and harassment at Bare Hill; and

2.  **GRANTED** with respect to the third, formal grievance regarding the retaliatory threats and harassment at Clinton and that this portion of the complaint be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: February 10, 2012
       Albany, New York

_____
United States Magistrate Judge

13